UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINA NORKOWSKI,

        Plaintiff(s),

v.

SINGH MANAGEMENT, L.L.C.,

        Defendant(s).

_____/

Case No. 04-73541

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [23]**

This is an employment discrimination suit brought pursuant to the Americans With Disabilities Act ("ADA").  The matter before the Court is Defendant's motion for summary judgment and Plaintiff's counter-motion for partial summary judgment, both pursuant to FED. R. CIV. P. 56.  Because Plaintiff is not disabled and for the reasons stated more thoroughly below, the Court GRANTS Defendant's motion and DENIES Plaintiff's counter-motion.

**I.    Facts**

Plaintiff Trina Norkowski ("Plaintiff") was hired by Defendant Singh Management ("Defendant") on October 6, 2003 as a leasing consultant for their Northridge Apartment Community.  On February 9, 2004, Rita Fortuna ("Fortuna") became the Site Manager at Northridge and, thus, Plaintiff's direct supervisor.

Shortly thereafter, Plaintiff formally requested 13 days off work (March 23, 2004 through April 4, 2004) for foot surgery and submitted a note from her doctor.[1]  The note stated: "Patient is under my care and will undergo right foot surgery on 3-23-04 (tentatively).  She will require 10 days off work following her procedure.  Please call if questions."  (Def.'s Br., Ex. C.)  Fortuna allegedly denied Plaintiff's request for time off because she had used all her personal/vacation time and did not qualify for a leave.  (Def.'s Br., Ex. B.)  On March 8, 2004, Plaintiff was terminated.

On September 13, 2004, Plaintiff filed a complaint in this Court alleging that Defendant violated § 102(a) of the ADA, 42 U.S.C. § 12112(a) (2004), when it terminated her employment.  The parties then filed cross motions for summary judgment.

## II.   Standard of Review

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A district court faced with a summary judgment motion must view all evidence and the inferences to be drawn therefrom in the light most favorable to the non-movant.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The critical inquiry for a district court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Miller v. Calhoun County*, 408 F.3d 803, 811-12 (6th Cir. 2005).

## III.   Analysis

The prima facie elements a claim brought under 42 U.S.C. § 12112(a) are: (1) the plaintiff's employer is subject to the ADA; (2) the plaintiff was disabled; (3) the plaintiff was

---

[1]The date that Defendant was first notified of Plaintiff's need for time off is in dispute. Plaintiff contends that Defendant had oral notice prior to submission of the formal request.

2

otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of her disability.  *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004).  The ADA prohibits discrimination; but, unlike other federal civil rights legislation, it also imposes a positive obligation on employers to make reasonable accommodations.  *Soileau v. Guilford of Maine, Inc.*, 105 F.3d 12, 14-15 (1st Cir. 1997).  For this obligation to be triggered, however, the employee must be disabled within the meaning of the Act.  *Id.* at 15.

Plaintiff suffers from a congenital defect that has affected the bone growth and fusion in her right ankle since birth.[2]  Since the age of 16, she has undergone surgery on four separate occasions to relieve pain and help correct the defect.  (Pl.'s Dep. at 43.) Plaintiff claims that she cannot walk for more than a mile or more than one-half of an hour without her ankle swelling.  (Stroud Aff. ¶ 9.)  On some mornings, Plaintiff awakes with severe pain and swelling in her ankle which requires her to stay in bed until these symptoms subside.  (Pl.'s Aff. ¶ 11.)  Although she cannot participate in most sports, Plaintiff is able to mountain bike.  (Pl.'s Dep. at 18.)  In addition, she can climb and descend stairs (id. at 46), grocery shop (id. at 49), shop in malls with her stepdaughter (id. at 96), climb ladders (id. at 53), and perform her job duties at Singh including "walking the models"[3] and conducting tours of the apartment community (id. at 54).

_____

[2]Specifically, Plaintiff has a nonunion of her calcaneocuboid and talonavicular joint, malunited triple arthrodesis, and ankle overload.  (Pl.'s Medical Records, Pl.'s Br., Ex. 4.)

[3]Each morning before opening, the leasing consultants "walks the models"–going to the model units, turning on the lights, and doing a brief walk through inspection to ensure cleanliness and good repair.

The ADA defines "disability," in relevant part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. §12102(2) (2004).[4]  Although the ADA does not define "major life activity," the Equal Employment Opportunity Commission ("EEOC") guidelines[5] define the term to include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (2004).  The parties do not dispute that walking is a major life activity.

Defendant acknowledges that Plaintiff has a physical impairment, but argues that Plaintiff is not disabled within the ADA because the impairment does not substantially limit her ability to walk.   Defendant therefore contends that it was not under a duty to accommodate Plaintiff.  Plaintiff, on the other hand, claims that her impairment substantially limits her ability to walk and she is therefore disabled under the ADA.  The existence of a disability is determined on a case-by-case basis.  *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002).

The Court must strictly interpret the terms of the ADA to create a demanding standard for a qualifying disability.  *Id.* at 197.  According to the EEOC guidelines, "substantially limited" means "unable to perform a major life activity that the average person

---

[4]The definition of disability also includes those who have a "record of such an impairment" or are "regarded as having such an impairment."  42 U.S.C. § 12102(2).  These alternative definitions are not at issue in this case.

[5] No agency has been given the authority to issue regulations interpreting the term "disability" in the ADA.  However, the EEOC has done so.  Because both parties accept the EEOC guidelines, they are assumed to be reasonable.  *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 479 (1999).

4

in the general population can perform" or "significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to . . . the average person in the general population . . . ." 29 C.F.R. § 1630.2(j). The impairment's impact must also be permanent or long-term. *Toyota*, 534 U.S. at 197.

The general factors courts look at to determine whether an impairment substantially limits a major life activity are (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact, or the expected permanent or long-term impact, of or resulting from the impairment. 29 C.F.R. § 1630.2(j).

### A.    Nature and Severity of the Impairment

The EEOC Compliance Manual provides two examples to highlight what is and is not a substantial limitation on walking. In the first, the person can walk ten miles without discomfort, but experiences pain on the eleventh mile. According to the EEOC, this is not a substantial limitation. In the second example, the person has sickle cell disease and cannot walk for more than very short distances. This is a substantial limitation. *EEOC Compliance Manual*, § 902.4(c). Plaintiff, who is able to walk one mile, is somewhere in the middle of this spectrum–less than 10 miles, but more than a "very short distance."

Defendant relies on *Penny v. United Parcel Service*, 128 F.3d 408 (6th Cir. 1997), to establish that Plaintiff only has moderate difficulties walking, but not a disability. In *Penny*, the plaintiff limped on occasion, experienced pain while walking, and was unable to walk more than a block without having to stop and rest. The court noted that "moderate difficulty or pain experienced while walking does not rise to the level of a disability." *Id.* at

5

415. It then looked at Plaintiff's own testimony to determine whether it showed a substantial limitation:

> Penny's deposition testimony provides little support for the claim that his impairment rises to the level of a disability. Aside from statements that "I limp on occasion" and "It hurts to do my job everyday. Sometimes it hurts to walk," this testimony contains no detail about how his alleged disability hinders his ability to walk. To the contrary, the deposition indicates that the plaintiff led an active life during the relevant period of time despite his impairment. He testified that during 1993 and 1994 he was able to go fishing and hunt rabbits, squirrels, pheasant and deer. . . . We believe a reasonable jury would know that it is impossible to hunt rabbits, squirrels, pheasants and deer without walking. Finally, the deposition testimony explains in great detail how Mr. Penny . . . was able to fulfill his job duties in a relatively satisfactory manner (which required a substantial amount of walking) during the period when his ability to walk allegedly was substantially impaired.

*Id.* The court then examined the other medical evidence presented by the plaintiff. It found that this material was unreliable and did not create a genuine issue as to whether Plaintiff was disabled. *Id.* at 416.

Plaintiff relies on an unpublished Sixth Circuit case which held that the plaintiff, who was unable to sit for more than 20-25 minutes, presented a question of fact as to whether he was limited in the major life activity of sitting. *Hayes v. United Parcel Service*, No. 00-5296, 2001 WL 1006162 (6th Cir. 2001). According to the court, common sense and life experiences permit finders of fact to determine whether someone who cannot sit for this period of time is significantly restricted. *Id.* at 321. The court distinguished *Penny* because the 20-25 minute time period created a more serious restriction. *Id.*

Here, Plaintiff's threshold is slightly longer than in *Hayes*. In this case, however, the life activity is walking, not sitting. The average person sits more than he walks or stands

6

in an average day.  The Court cannot simply graft the time period from *Hayes* onto this case.[6]

This case is more analogous to the situation examined in *Penny*.  Like the plaintiff there, Plaintiff's testimony relating to her daily activities show that her limitation does not significantly restrict her ability to walk.  Plaintiff claims that she cannot jog or walk for longer than thirty minutes.  However, she does not contend that she is unable to perform walking activities which the average person performs on a daily basis such as grocery shopping, doing household chores, and working.  Moreover, she admits that she is able to shop, climb stairs, travel, mountain bike and perform her job duties with little or no difficulty.  Thus, the nature and severity of Plaintiff's impairment does not support a finding of a disability.  *Cf. Kelly v. Drexel University*, 94 F.3d 102 (3rd Cir. 1996)(holding that a degenerative joint disease which caused the plaintiff to walk with a limp, be unable to walk for more than a mile, and be unable to jog was not a disability under the ADA).

### B.    Duration or Expected Duration of the Impairment

Plaintiff has a physical impairment.  She suffers from a congenital defect that has affected the bone growth and fusion in her right ankle since she was very young.  Plaintiff testified, however, that her impairment only prevented her from walking for a time period after she had surgery:

> Q:    At any point during your life, were you not able to perform any functions that would require walking?
>
> A:    Only when I was on my crutches, during my surgery.

---

[6]Moreover, the Court notes that it is not bound by unpublished opinions.  *United States v. Orlando,* 363 F.3d 596, 602 (6th Cir. 2004).

> Q:    At any point during your life, did you ever have any issue, because of your condition, caring for yourself, running errands, taking the trash out, things of that nature?
>
> A:    No.

(Pl.'s Dep. at 69.)  Later in her testimony, Plaintiff stated that she is also unable to walk when her ankle is too swollen, which is caused by too much use.  (Id. at 83.)  When this swelling occurs, Plaintiff must massage her ankle for varying periods of time and wait until the pain and swelling reduce before being able to walk again.  (Pl.'s Aff. ¶ 11.)

Generally, short-term, temporary restrictions are not substantially limiting.  *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir. 1996).  In *Roush*, the plaintiff had a kidney condition, which was congenital and thus the duration of the impairment was lifelong.  The Court concluded, however, that this condition did not render Plaintiff disabled within the meaning of the ADA.  Although she underwent a number of surgeries to correct her condition, her ability to perform a major life activity was only substantially limited during the periods of surgery.  Because the limitation was only temporary, it was not substantially limiting and, therefore, not a disability under the ADA.  *Id.* at 844.

The plaintiff in *Roush* also suffered from a bladder condition.  As a manifestation of this physical impairment, she would get intermittent, temporary infections.  The plaintiff testified that her condition caused substantial pain such that she could not work (*i.e.*, engage in a major life activity) without medication.  Even still, the pain and infection required her to regularly visit the doctor for treatment.  The Court held that there was an issue of fact whether this condition qualified as a disability under the ADA.  *Id.*

8

Here, Plaintiff's condition is more like Roush's kidney problem, which did not constitute a substantial limitation. Even Plaintiff testified that she was unable to walk *only after surgery*. She did not constantly require medication to walk. Rather, she used medication during flare-ups and post-surgery. (Pl.'s Aff. ¶ 13.) In addition, Plaintiff does not need to see her doctor on a regular basis, but only after surgeries. (Pl.'s Medical Records, Pl.'s Br., Ex. 4.) Therefore, the duration of the impairment also does not support a disability finding.

### C.    Permanent or Long-Term Impact, Actual or Expected

The Supreme Court has held that the impairment's impact must be permanent or long-term in order to be considered a disability. *Toyota*, 534 U.S. at 197. Plaintiff's doctor testified future surgeries may be necessary and that she may have some pain and problems walking and standing in the future. (Stroud's Aff. ¶¶ 7,8.) However, the mere possibility of recurrences or that further surgery will be needed is not sufficient to establish a substantially limiting condition. *Roush*, 96 F.3d at 844.

The facts show that Plaintiff's condition only substantially affected her ability to walk in a relatively short period after surgery. Aside from those temporary periods, Plaintiff is able to accomplish regular life activities. Thus, this factor also does not support the conclusion that Plaintiff was disabled. Because all factors weigh against this finding, the Court finds that Plaintiff was not disabled as a matter of law.

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Partial Summary Judgment is DENIED.

9

SO ORDERED.


s/Nancy G. Edmunds                                    
Nancy G. Edmunds
United States District Judge


Dated:  August 3, 2005


I hereby certify that a copy of the foregoing document was served upon counsel of record
on August 3, 2005, by electronic and/or ordinary mail.


s/Carol A. Hemeyer                                    
Case Manager